R. M. HUDSON ET AL. v. J. R. NORWOOD ET AL.

Delivered May 13, 1896.

**1. Pleading—Cross-Action—Implied Warranty of Title.**

In an action for the recovery of personal property, the defendants can properly make their vendor a party to the suit, and in the event of judgment against them, they are entitled to recover from him upon an implied warranty of title the purchase price paid by them, with interest; but the amount of their demand should be alleged, as it does not follow that the recoveries would be in the same amount.

**2. Same—Exemplary Damages—Jurisdictional Amount on Appeal.**

In an action for the recovery of personal property, the defendants impleaded their vendor and prayed judgment over against him, in the event of a recovery against them, and also prayed for exemplary damages for maliciously and willfully taking the property sued for without their consent. Held, that there being nothing to show any connection between the claim for actual and for exemplary damages, the defendants were not entitled to recover the exemplary damages; and the amount involved being thus reduced below $100, the appellate court is without jurisdiction.

APPEAL from the County Court of Gonzales. Tried below before Hon. JOHN S. CONWAY.

*W. W. Glass,* for appellants.

*Atkinson & Abernethy,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit originated in the Justice's Court, and was brought by the appellee J. R. Norwood against the appellants R. M. Hudson & Co. to recover $75, the alleged value of two horses, and $15 for their use. No counter claim of any character was interposed by R. M. Hudson & Co., but they claimed title to the horses under an alleged purchase from Sam Knowls, whom they made a party to the suit, and prayed, in the event J. R. Norwood should recover of them the $90 sued for, that they have judgment over against Knowls. They further alleged that Knowls maliciously, willfully, fraudulently, and knowingly took their property sued for from their possession, without their knowledge or consent. Wherefore they asked judgment against him for vindictive damages in the sum of $50.

The appellee J. R. Norwood recovered judgment in both Justice and County Court against R. M. Hudson & Co. for the value of the property and its use as sued for. On the trial in neither court was any issue between R. M. Hudson & Co. and Sam Knowls tried or asked to be submitted to the jury. R. M. Hudson & Co. have appealed here from the judgment against them in the County Court, and the appellee J. R. Norwood moves the court to dismiss the appeal, upon the ground that the judgment, as well as the amount in controversy, exclusive of interest and costs, does not exceed $100.

While the appellants do not deny that the amount in controversy between them and J. R. Norwood is less than $100, they contend that it

is apparent their demand against Sam Knowls exceeds that amount, and that therefore this court has jurisdiction.

If it should be conceded that the demand of a defendant in a suit against a person whom he has impleaded for his own convenience to determine a matter in controversy exceeding $100, in which the plaintiff has no interest, and which matter the defendant did not seek to have determined on the trial, would give this court jurisdiction on appeal to revise a judgment entered on the trial between the original parties to a controversy not exceeding $100 (which we do not decide), such demand must be so related to the matter in controversy between the original parties as to admit of its adjudication in their suit, and must be such that, if admitted or proven, would entitle the party asserting it to recover against the party impleaded a sum of money or property in value exceeding $100, exclusive of interest. An examination of R. M. Hudson & Co.'s demand against Sam Knowls shows that it does not meet these requirements. If the latter sold them the horses, a warranty of title would be implied, upon which they could recover from him the purchase money and interest, in event of its breach being shown by the recovery of the value of property by Norwood from them; and, for the purpose of recovering from him in such event, Hudson & Co. could properly make Knowls a party to the suit. But it does not follow that they would be entitled to recover from Knowls the same amount that Norwood might recover from them, for Norwood & Co. may have purchased the horses from Knowls for a less sum. It is not stated in the averment of their demand against Knowls the price paid him for the horses, and consequently it does not appear what they are entitled to recover against him as actual damages.

But should it be admitted that a demand for actual damages of $90 is averred, the question then would be, are any vindictive damages alleged by Hudson & Co. against Knowls that could be recovered in addition to the actual damages averred, and thereby make the amount they might possibly recover greater than $100? Vindictive damages must in some way be connected with and flow from the same facts upon which actual damages are predicated, for without actual there can be no exemplary damages. According to Hudson & Co.'s statement of their case against Knowls, they cannot recover actual damages from him unless he sold them horses which he did not own, and their value recovered from them by Norwood. It cannot be said that the alleged malicious taking of the horses from their possession by Knowls, for which the vindictive damages are asked, has any connection or is in any way whatever related to the facts upon which the actual damages are claimed; but, on the contrary, it appears that the transactions from which it is claimed these different kinds of damages arise are entirely separate and distinct, and are in no way related.

The alleged vindictive damages alleged being no way connected with the matter in controversy between the original parties, nor related to the facts upon which actual damages are claimed, could not be recov-

ered in this suit; and, without such damages, the matter in controversy, under any view that may be taken of the case, being less than $100, this court has no jurisdiction. The motion is therefore granted, and the appeal dismissed.

*Appeal dismissed.*